**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **GREGORY C. BEARD,** § | |
| *Plaintiff* § | |
| § | |
| Vs. § | CIVIL ACTION NO. _____ |
| § | |
| **TRACY OSBY AND** § | |
| **DCK SERVICES, LLC,** § | |
| *Defendants* § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes Gregory C. Beard, Plaintiff, and files this original Complaint against Tracy Osby and DCK Services, LLC, and for causes of action would respectfully show as follows:

**PARTIES**

1. Plaintiff, Gregory C. Beard, is an individual residing in Ouachita Parish, Louisiana.

2. Defendant, Tracy Osby, an Individual who is a resident of Shelby County, Texas, may be served with process at the following address: 111 Santa Fe Street, Center, Texas, 75935, or wherever he may be found. Service of said Defendant as described above can be effected by personal delivery.

3. Defendant, DCK Services, LLC, is a domestic corporation organized under the laws of the state of Texas with its principal place of business in Shelby County, Texas. DCK Services, LLC may be served with process by serving its registered agent for service of process: Jo Lynn Fountain, 125 Shelbyville Street, Center, Texas 75935. Service of said Defendant as described above can be effected by certified mail return receipt requested.

## STATEMENT OF JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in this Court.

5. This court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as there is diversity of citizenship among the parties, in that the Defendant is now and was at the time the action was commenced diverse in citizenship from the Plaintiff. Furthermore, the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

6. Venue in this Court is proper under 28 U.S.C. §1391 (b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district.

## FACTUAL BACKGROUND

7. On or about April 03, 2018, at approximately 3:40 p.m., on US Highway 84 in Shelby County, Texas, Plaintiff was operating his vehicle in a reasonable and prudent manner, exercising care for his safety and the safety of others when the collision, which was proximately caused by Defendant's negligence, occurred as follows:

8. Defendant Osby was driving a Volvo tractor towing a Pitts Enterprises trailer and traveling west behind Plaintiff, who was driving a Peterbuilt tractor pulling a Fontaine Trailer Co. trailer, on US Highway 84. Plaintiff began slowing his truck and trailer to turn right into a private drive. Defendant failed to control the speed of his truck and trailer and struck the rear of Plaintiff's trailer causing damage. Defendant's truck and trailer came to rest in the roadway and Plaintiff's truck and trailer came to rest in the private drive. Defendant failed to control his vehicle's speed causing Plaintiff severe personal injuries and property damage. Law enforcement cited Defendant for his negligence of failing to control speed and having no valid CDL license or permit.

9. Defendant failed to properly operate his vehicle, causing the collision with Plaintiff's vehicle. As a result of Defendant's negligence, Plaintiff sustained substantial property damage and serious injuries, which caused him to incur medical and other expenses and sustain other damages for which he now seeks relief.

### CAUSE OF ACTION – NEGLIGENCE AND/OR NEGLIGENCE PER SE AGAINST TRACY OSBY

10. Defendant Osby had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

12. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant failed to keep such distance away from Plaintiff's vehicle as a person using ordinary prudent care would have done;

   C. In that Defendant failed to reduce his speed and was driving at a speed greater than is reasonable and prudent under the circumstances then existing in violation of TEX. TRANSP. CODE § 545.351(a)

   D. In that Defendant failed to drive his vehicle at a speed that was reasonable and prudent under the conditions and to have regard for actual and potential hazards then existing, and to control the speed of the vehicle as necessary to avoid colliding with another vehicle on the highway and the duty of each person to use due care in violation of TEX. TRANSP. CODE § 545.351(b)(1)-(2);

   E. In that Defendant failed to produce a valid CDL license or permit in violation of TEX. TRANSP. CODE § 522.011(a)(1)(A)(2)(A)-(B).

## CAUSE OF ACTION – NEGLIGENT ENTRUSTMENT, NEGLIGENT HIRING, TRAINING, SUPERVISION & RESPONDEAT SUPERIOR AGAINST DCK SERVICES, LLC.

13. On April 03, 2018, Defendant DCK Services, LLC. was the owner of the vehicle operated by Tracy Osby.

14. Defendant DCK SERVICES, LLC. entrusted the vehicle to Tracy Osby, a reckless, unlicensed, and incompetent driver.

15. Defendant DCK SERVICES, LLC. knew, or through the exercise of reasonable care should have known, that Tracy Osby was a reckless, unlicensed, and incompetent driver.

16. As described herein, Tracy Osby and DCK Services, LLC were negligent on the occasion in question. Furthermore, Tracy Osby and DCK Services, LLC were grossly negligent by mutually allowing an untrained and unlicensed driver operate an 80,000 pound commercial vehicle.

17. The Defendants' negligence was the proximate cause of Plaintiff's damages.

## DAMAGES

18. As a result of the occurrence in question, Plaintiff sustained severe injuries and damages. As a result of these injuries, Plaintiff is entitled to recover compensatory damages in an amount that exceeds the jurisdictional minimum of this court for each of the following elements:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Gregory C. Beard, for the necessary care and treatment of the injuries resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such Services in Caddo and Ouachita Parishes, Louisiana and Nacogdoches County, Texas;

   B. Reasonable and necessary medical care and expenses, which in all reasonable probability, will be incurred in the future;

    C.     Physical pain and suffering in the past;

    D.     Physical pain and suffering in the future;

    E.     Physical impairment in the past;

    F.     Physical impairment, which, in all reasonable probability, will be suffered in the future;

    G.     Loss of earnings in the past;

    H.     Loss of earning capacity, which in all probability, will be incurred in the future;

    I.     Mental anguish in the past;

    J.     Mental anguish in the future;

    K.     Exemplary damages;

    L.     Cost of medical monitoring and prevention in the future; and

    M.     Pre-judgment and post-judgment interest at the highest rates allowed by law.

## DEMAND FOR JURY

19. Plaintiff hereby makes demand for their right to a trial by jury afforded by the United States Constitution and tenders the requisite fee to the clerk with the filing of this Original Complaint.

## PRAYER

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer and that on final trial Plaintiff has and recovers:

    A. Judgment against Defendants, for compensatory damages, including in an amount that exceeds the minimum jurisdictional limits of the Court more fully set forth above;

    B. Prejudgment and post-judgment interest as provided by law;

    C. Costs of suit; and

    D. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*Josh B. Maness*

Josh B. Maness
State Bar No. 24046340
480 W. Texas Avenue
Waskom, Texas 75692
Tel.: (903) 407-8455
Fax: (877) 320-5751
E-mail:  josh@joshmaness.com

ZEHL & ASSOCIATES, PC
Ryan H. Zehl
Texas State Bar No. 24047166
rzehl@zehllaw.com
W. Lamar DeLong
Texas State Bar No. 24101693
ldelong@zehllaw.com
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Tel.: (71) 491-6064
Fax: (713) 583-8545

Attorneys for Plaintiff
Gregory C. Beard